THOMAS E. POWERS *vs.* HUGH A. GOODWIN.

JUNE 29, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence brought to recover for personal injuries sustained

by the plaintiff while riding in the defendant's automobile. The case was tried before a justice of the superior court, sitting with a jury, who directed a verdict for the defendant at the conclusion of all the evidence. The only exception before this court is to this action of the trial justice.

The material facts of the case may be summarized as follows: The plaintiff and defendant were practicing dentists in this state, the former in Woonsocket and the latter in Providence. For some time prior to the date of this accident, December 27, 1934 they had frequently gone together, in the automobile of one or the other, to clinics held at the Gardner State Hospital, at East Gardner, Massachusetts, where they had received instruction and experience in dental surgery. The testimony of the parties is in conflict as to the reason why the plaintiff went with the defendant on the day of the accident.

The plaintiff's testimony is to the effect that he had in the first instance declined defendant's invitation to go to Gardner on this occasion, as there was nothing that required the plaintiff's presence there, he having completed his course of instruction; that on the day preceding the accident, the defendant again called him on the telephone and this time urged him to go to Gardner, stating that he, the defendant, had dental work to do there and desired the plaintiff "to assist him"; that with this understanding, and solely for this purpose, the plaintiff agreed to go with the defendant to Gardner on the following day. It also appears from the evidence that the plaintiff's automobile was at that time being repaired, and hence not available for use.

The defendant's testimony, on the other hand, is to the effect that, while he expected to do some work at the clinic, he did not ask for the plaintiff's assistance as it would be neither required nor permitted; that whatever help he might need would be given by the nurse and the doctor at the institution; and that the plaintiff agreed to go with him as a companion who probably would derive some personal benefit professionally by being an observer at the clinic.

Both parties admit that December 27, 1934, was a cold day, but they differ materially in their recollection of the condition of the highways. The plaintiff testifies that there was considerable snow and ice on the traveled portion of the highways, so much so that while on the way to Gardner he called the defendant's attention to the fact that the road was slippery and the going bad, and advised him to "drive carefully." The defendant denies any such warning from the plaintiff and testifies that, while there was snow on the sides of the road, the traveled portion was clear and dry, except for isolated places at infrequent intervals.

On the morning of December 27, 1934, the defendant drove his automobile to the plaintiff's home in Woonsocket and then started out with the latter for Gardner, Massachusetts. It appears in evidence that from Worcester there are two roads leading to Gardner; one is the main highway which runs through centers of population; the other, characterized by the plaintiff as "cutting through the woods," is an improved but winding road, and is some ten miles shorter than the main highway. The plaintiff's testimony shows that the defendant took the short cut to Gardner; that on entering this road, the center of which had been partly but not entirely cleared of snow, the defendant's automobile skidded slightly, whereupon the plaintiff said to the defendant, "it looks tough up here"; that the defendant continued on, however, at a speed of between twenty-five and thirty-five miles an hour; that the road is somewhat downgrade and comparatively straight for some two hundred feet as it approaches the curve where the accident happened; that the defendant did not reduce his speed as he neared this curve, although a patch of ice on the roadway at that point could be seen from a distance of between fifty and seventy-five feet away; that the defendant suddenly applied his brake immediately before or just after the automobile went onto the ice patch, with the result that the automobile skidded from one side of the road to the other and back again, finally crashing against a tree by the side

of the road. The plaintiff further testified that he was rendered unconscious by the accident, and that he was in the hospital at Gardner when he regained his senses.

The defendant in his testimony denied that the plaintiff made any comment about the condition of the short cut, and said that the only statement made by the plaintiff about the highways was to remark that the roads were in good condition for that time of the year. The defendant further testified that even though he may have been traveling at a speed of about thirty-five miles an hour, the automobile had not skidded at any time before the accident; that in approaching the curve where the accident happened, he followed his usual practice at such places and reduced his speed; that he saw no ice on the road at the curve and did not know that it was there until his automobile began to skid, at which time he tried to control it, but was unable to do so, and that the automobile became unmanageable and was badly damaged by running into the tree in question. He also was taken to the hospital in Gardner.

As the accident in question happened in Massachusetts, the matter of liability is covered by the law of that state. A serious question arose at the trial as to the degree of negligence necessary to be proved, according to the law of that jurisdiction, in order to impose liability upon the defendant, in view of the fact that the circumstances under which the plaintiff was riding in the former's automobile were in dispute. The answer to this question depends on whether or not the plaintiff was merely a gratuitous guest or passenger in the defendant's automobile, or was riding therein in some other capacity.

To prove the law of Massachusetts, the defendant presented as his witness a member of the Massachusetts bar, a special justice of one of its district courts. The plaintiff met this evidence in rebuttal by calling as his witness another member of that bar, who was a justice of the district court in that state. Both witnesses agreed that under the Massachusetts law a gratuitous guest or passenger can

recover from the owner or operator of the automobile in which they are riding only in case such operator is guilty of gross negligence, and this was admitted by the parties herein to be the law of that state. From this point on, however, these witnesses differed as to their understanding of the Massachusetts law.

The witness for the defendant, citing a number· of cases, testified that the word "guest" had been construed by the supreme judicial court of Massachusetts to mean "a gratuitous passenger"; that whether a person who is riding with another for the benefit of the other is a gratuitous passenger is a question of fact; and that if he is not a guest within the meaning of that word as construed by the Massachusetts court, then he may recover for simple negligence. The witness for the plaintiff, citing other cases, testified that whether a person is a guest depends upon the particular facts of the case; that a guest or gratuitous passenger is one who is riding in the automobile without conferring any benefit upon the driver; and that from his study of the Massachusetts decisions he gave it as his opinion that the person who accompanied the driver for the latter's sole benefit is not a gratuitous passenger, and therefore could recover for ordinary negligence. There are two points ,on which the testimony of these witnesses apparently agreed; first, that it is a question of fact whether or not a person is a guest within· the meaning of that word; and second, that the Massachusetts cases as to its meaning are apparently somewhat conflicting and difficult to reconcile. Various decisions of the supreme judicial court of Massachusetts were read into the record, such decisions stating in different language the nature of the benefit which the passenger must confer upon the owner or operator of the automobile in order not to have the status of a mere gratuitous guest. The. above witnesses for the respective parties construed the language of these cases in reference to "benefit" from somewhat different points of view, and expressed different opinions thereon.

It is clear from the record before us that there was a sharp conflict in the evidence, both as to the reason why the plaintiff went with the defendant in his automobile on the day of the accident, and as to the Massachusetts law that applied to him under the different conclusions that might be reached from the conflicting evidence as to the plaintiff's status in the defendant's automobile. We are of the opinion that the trial justice committed error in directing a verdict for the defendant under these circumstances. The record before us shows that he not only passed upon the Massachusetts law as if it were a matter of law, when he should have treated it as a matter of fact, but also applied the interpretation he gave to that law to his determination of disputed facts respecting the plaintiff's relations toward the defendant while they were riding in the defendant's automobile on their way to Gardner.

These questions in the first instance were questions of fact to be submitted to the jury under proper instructions from the court. In *Callender, McAuslan & Troup Co.* v. *Flint,* 187 Mass. 104, at page 107, the court said that "judicial notice cannot be taken of the laws of another State, which must be proved, and determined like other facts." This court, in *Horton* v. *Reed,* 13 R. I. 366, held: "The question of what is the law of Massachusetts is a question of fact to be decided on evidence . . . ." See also *Farrell* v. *Employers Liability Assurance Corp., Ltd.,* 57 R. I. 389.

Further, while the defendant is correct in contending that mere skidding in and of itself does not constitute negligence, we cannot say, after an examination of the evidence herein, that the defendant's claim, namely, that the plaintiff as a matter of law failed to prove the defendant guilty of any negligence whatever, and that the verdict was therefore properly directed, is sound. We are of the opinion that there was sufficient evidence submitted on behalf of the plaintiff, on the question of the defendant's negligence, to require that such issue be submitted to the jury, under proper instructions from the trial court relative to the requirements of the law of Massachusetts on that point.

The plaintiff's exception is sustained and the case is remitted to the superior court for a new trial.

*Ambrose Kennedy, James T. Greene,* for plaintiff.

*Sherwood & Clifford, Raymond E. Jordan,* for defendant.